IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DAVID WAYNE GREEN,                    §
                                      §
            Petitioner,               §
                                      §
v.                                    §     No. 4:09-CV-589-A
                                      §
RICK THALER, Director,                §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
            Respondent.               §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, David Wayne Green, a state
prisoner currently incarcerated in Midway, Texas, against Rick
Thaler, Director of the Texas Department of Criminal Justice,
Correctional Institutions Division, respondent.  After having
considered the pleadings, state court records, and relief sought by
petitioner, the court has concluded that the petition should be
dismissed as time-barred.

## I.  Factual and Procedural History

On October 31, 1997, a jury convicted petitioner of murder in
the 297th District Court of Tarrant County, Texas, and assessed his
punishment at 70 years' confinement.  (Clerk's R. at 94)

Petitioner appealed his conviction, but the Tenth District Court of Appeals of Texas affirmed the trial court's judgment, and, on August 29, 2001, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Green v. Texas*, No. 10-97-391-CR, slip op. (Tex. App.-Waco Oct. 14, 1998) (not designated for publication); *Green v. Texas*, PDR No. 903-01. Petitioner did not seek writ of certiorari. (Petition at 2) Petitioner also sought state postconviction habeas relief by filing an application for writ of habeas corpus in 2007, to no avail. *Ex parte Green*, Application No. WR-54,784-02. This petition was filed on October 8, 2009, in which petitioner challenges his 1997 conviction on four grounds. Respondent contends the petition is untimely.

## II.   STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in

2

violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.   For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on November 27, 2001, and closed one year later on November 27, 2002, absent any tolling.   *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.   Petitioner's

3

state habeas application, filed on August 10, 2007, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *See United States v. Petty*, 530 F.3d 361,364-65 (5th Cir. 2008); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner waited ten years before seeking post-conviction habeas relief and has not demonstrated that he was actively misled by the state or prevented in some extraordinary way from asserting his rights in state or federal court. Thus, petitioner's federal petition filed on October 8, 2009, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED February 26, 2010.

_____
JOHN McBRYDE
United States District Judge